IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00883-BNB

IVETTE T. ECHENIQUE,

    Plaintiff,

v.

GOOGLE, INC., and
YOU TUBE,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Ivette T. Echenique, acting *pro se*, initiated this action by filing a Complaint, ECF No. 1. On April 26, 2012, Magistrate Judge Boyd N. Boland ordered Ms. Echenique to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and to show cause why the action should not be dismissed as repetitive . On June 14, 2012, Ms. Echenique filed an Amended Complaint, ECF No. 12, that included a response to the show cause directive. Based on Ms. Echenique's response, the Order to Show Cause is discharged.

    Ms. Echenique has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims asserted in the Amended Complaint are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See*

*Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the Amended Complaint pursuant to § 1915(e)(2)(B)(i).

The Court must construe the Amended Complaint liberally because Ms. Echenique is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Ms. Echenique asserts three claims in the Amended Complaint.  In Claim One, she asserts that her rights have been violated because Defendants have disclosed private information about her in violation of her right to privacy, including her involvement in court, unemployment, and medical settlement proceedings.  In Claim Two, Ms. Echenique asserts that her name was used in a pornographic posting on You Tube and subsequently on Google.  Ms. Echenique contends that as a result of this posting she was terminated from her job.  Ms. Echenique also asserts that after conducting a search of her name she found many pornographic postings that defamed her.  Ms. Echenique contends that Defendants are responsible for the defaming postings that depict her in a false light and have caused mental, emotional, and economic injuries.  Finally, in Claim Three, Ms. Echenique reasserts her right to privacy claim and contends that she has a right to know who is cyberstalking and harassing her.  Ms. Echenique seeks injunctive relief and money damages.

Ms. Echenique's state law claims before this Court on the basis of diversity must be dismissed because "47 U.S.C. § 230 creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party." *Ben Ezra, Weinstein, & Company, Inc., v. America Online, Inc.*, 206 F.3d 980, 984-85 (10th Cir. 2000) (citing § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.")).  Pursuant to 47 U.S.C. § 230(c)(1), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

"The elements required for Section 230(c) immunity are: (1) that the defendant is a provider or user of an 'interactive computer service;' (2) that the asserted claims treat the defendant as the publisher or speaker of the information; and (3) that the information is provided by another 'information content provider." *Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007).  An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet . . . ." 47 U.S.C. § 230(f)(2).  An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).  "Taken together, these provisions bar state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties." *Nemet Chevrolet, Ltd., v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th

Cir. 2009); *see also Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010) (same). "Congress thus established a general rule that providers of interactive computer services are liable only for speech that is properly attributable to them." *Id.*

Ms. Echenique does not allege that Defendants created or developed the information she contends is detrimental to her employment opportunities or well-being. Instead, she seeks to hold Defendants liable because the search results in question are available through the Defendants' Internet search engine. It is clear that Ms. Echenique's state law tort claims must be dismissed because the claims are barred by the immunity established in § 230(c).

As for Ms. Echenique's equal protection and due process claims and federal privacy claim, the Court lacks jurisdiction to entertain these claims. Defendants are private parties, and Ms. Echenique does not allege that the actions by Defendants are attributable to the state. *See Lugar v. Edmundson Oil Co.*, 457 U.S. 935, 937 (1982). Therefore, Ms. Echenique's constitutional violation claims clearly are frivolous.

For the above reasons, the entire action will be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Echenique files a notice of appeal she also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

    ORDERED that the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.

    DATED at Denver, Colorado, this  5th  day of    July   , 2012.

    BY THE COURT:


       s/Lewis T. Babcock  
    LEWIS T. BABCOCK, Senior Judge  
    United States District Court